PER CURIAM:
The claimant brought this action for water damage to personal property which occurred in a dormitory facility owned and maintained by the respondent.
The incident giving rise to this action occurred on or about December 11, 1997. The claimant was a freshman student at West Virginia University and resided at Boreman Hall. On the day in question, a plumbing fixture in the ceiling above the claimant’s dorm room broke. Water dripped through the ceiling onto the claimant’s 19-inch television, which was destroyed. The claimant now seeks $200.00 in compensation.
It was the respondent’s position that it should not be held liable for these damages because the claimant signed a housing contract in which he agreed to abide by the terms and policies contained in the respondent’s student handbooks, which expressly disclaimed responsibility and liability for theft or damage to student-residents’ personal property, and recommended that all students purchase renter’s insurance. The respondent also contended that the broken plumbing fixture was an unforeseeable event.
The Court has reviewed its prior decisions involving water, electric, or other damage to personal property in university housing facilities. Many of these claims involved students and were uncontested by the respondent. See: Matthew vs. Board of Trustees, (CC-97-178), unpublished opinion issued June 11, 1997; Rowsey vs. Board of Directors of the State College System, (CC-96-25), unpublished opinion issued May 1, 1995; Li vs. Board of Trustees (CC-96-13), unpublished opinion issued October 25, 1996; Dimmick vs. Board of Trustees, (C-94-520), unpublished opinion issued October 24, 1995.
W.Va. Code §37-6-30 (1996) states generally that a landlord is required to deliver and maintain premises in a habitable condition, and is required to make all repairs necessary thereto. This policy was also expressed in Teller vs. McCoy, 253 S.E.2d 114 (W.Va. 1978), where the West Virginia Supreme Court stated:
There is, in a written or oral lease of residential premises, an implied warranty that the landlord shall at the commencement of a tenancy deliver the dwelling unit and surrounding premises in a fit and habitable condition and shall thereafter maintain the leased property in such condition. Syllbaus No. 1.
Teller, at 128, further states that the determination of whether a landlord has breached the warranty of habitability is a factual question to be determined by the circumstances of each case.
In two recent cases, the Court denied an award for water damage to university faculty members whose property was damaged due to flooding. In Sardinia vs. Board of Trustees, (CC-97-82) and Akladios vs. Board of Trustees, (CC-96-528), unpublished opinions issued March 10, 1998, the Court rejected the claimants’ argument that the respondent’s disclaimers violate the stated public policy requiring that premises be maintained in a fit and habitable condition. The Court noted that the faculty claimants were not required to live on the campus facilities of the respondent, while first-year students normally are required to live on campus. Consistent with Teller, supra, the Court found that there was widespread flooding throughout the county and held that there was insufficient evidence of negligence on the part of the respondent upon which to justify an award.
In the present case, the claimant was required to live bn campus and was required to sign a housing contract with the respondent. In these circumstances, the Court is of the opinion that *147 the respondent should be held to the normal and accepted standards of care imposed upon landlords with respect to student-tenants required to live on campus, and may not contract away this responsibility through liability disclaimers. The Court therefore holds that the respondent’s disclaimer of liability for property damage, in this particular instance, contravenes the public policy of West Virginia that landlords deliver and maintain premises in fit and habitable condition.
Consistent with Teller, supra, the Court now must examine the factual circumstances giving rise to this claim. The claimant lived on the third floor of Boreman Hall. The evidence established that a plumbing fixture on the fourth floor broke and flooded the room above the claimant’s room, ultimately leaking through the ceiling. The respondent’s position was that this was unforeseeable, and that it therefore should not be held liable.
In Foster vs. City of Keyser, 501 S.E.2d 165 (W.Va. 1997), a case involving a natural gas explosion, the West Virginia Supreme Court modified the evidentiary rule of res ipsa loquitur as follows:
(I)t may be inferred that harm suffered by the plaintiff is caused by negligence of the defendant when (a) the event is of a kind which ordinarily does not occur in the absence of negligence; (b) other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence; and (c) the indicated negligence is within the scope of the defendant’s duty to the plaintiff. Syllabus No. 4.
The Court is of the opinion that the water damage giving rise to this claim was clearly within the control and scope of the respondent’s duty to provide a fit and habitable premises to the claimant. The Court recognizes that breaks in plumbing fixtures, electric lines, and the like, are unforeseeable events that occur randomly and unpredictably without any causally-related negligent act or omission on the part of the respondent. However, the Court is of the opinion nevertheless that the respondent has an obligation, in equity and good conscience, to compensate student-tenants required to live on campus when water breaks and similar events cause property damage. In view of the foregoing, the Court does hereby make an award in the amount of $200.00.
Award of $200.00.